**The below described is SIGNED.**

**Dated: August 22, 2007** _____
                                    *William J. Thurman*
                              **WILLIAM T. THURMAN**
                              **U.S. Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | )<br>)<br>) |
| Mark A. Wintercorn and<br>Laryl Rae Wintercorn, | )<br>)  Bankruptcy Case No. 05C-25135<br>) |
| Debtors, | )<br>)  Chapter 7<br>) |
| | )  FINDINGS OF FACT<br>)  AND<br>)  CONCLUSIONS OF LAW<br>)<br>)<br>) |

This matter came before the court on the eighth day of August, 2007 at 3:00 p.m. on the

motion of Stephen W. Rupp, Trustee (the "Trustee") to reconsider the Court's bench ruling which

denied, without prejudice, the Trustee's motion to appoint professional real estate broker, Paula B.

Draper. Stephen W. Rupp appeared on behalf of himself, the Trustee, Andres Diaz of 1 On 1 Legal

Services, P.L.L.C., appeared on behalf of Mark A. Wintercorn and Laryl Rae Wintercorn, (the

Wintercorns"), and Laurie A. Cayton appeared on behalf of the United States Trustee. The matter

1

was taken before the Honorable William T. Thurman, sitting for Chief Judge Glen E. Clark. The

following are the Court's findings of fact and conclusions of law:

## JURISDICTION

This Court has jurisdiction over this controversy which involves a dispute that is "Core" to

this bankruptcy proceeding under 28 U.S.C. § 157(b)(2) and 28 U.S.C. § 1334. Notice of this

hearing has been timely served upon the Wintercorns, their counsel and the United States Trustee.

## FINDINGS OF FACT

1.      This case was commenced as a voluntary Chapter 7 proceeding on April 5, 2005.

2.      Stephen Rupp, was appointed to administer this case as the Trustee.

3.      On April 15, 2005, the Wintercorns filed their schedules and statements.

4.      The Wintercorns' Schedule A, among other things, disclosed a residence located at 254 Sego

        Lily Dr. (the "Debtors' Home") which was valued by the Wintercorns at $292,000.00 with

        secured claims totaling $326,000.00

5.      The Wintercorns' Schedule C indicates a $40,000.00 claimed exemption in the residence.

6.      No objection to the Wintercorns' claimed exemption has been filed.

7.      A First Meeting of Creditors was conducted on May 5, 2005.

8.      No continued First Meeting of Creditors appears to have been conducted.

9.      On July 5, 2005, the Trustee filed a Motion to Extend Deadline for Filing Complaints

        Concerning the Debtors' Discharge and Motion for Turnover Order ("Motion to Extend").

10.    On August 10, 2005, the Court granted the Trustee's Motion to Extend.  As a result, the time

to oppose the Wintercorns' discharge was extended to October 5, 2005.

11.    On October 5, 2005, the Trustee sent a request for creditors to file claims.

12.    On October 3, 2006, the Trustee filed his final report.

13.    Among other things, the Trustee's Final Report[1] states that:

"The Trustee has reduced all assets of this estate to cash or otherwise lawfully disposed of
them and the estate is ready to be closed."

"The Trustee submits Form 1 and 2 as Exhibit E (attached) as a summary of the assets and
the disposition of each of these assets. Any property scheduled under 11 U.S.C. § 521(1) and
not administered shall be deemed abandoned pursuant to 11 U.S.C. § 554(c)."

and

"The Trustee has given notice to all parties in interest as shown on the mailing matrix of his
intent to abandon/destroy records of the estate."

14.    When read as a whole, the Trustee's Final Report gives the reader the impression that the

Trustee has administered or liquidated all property of the estate that he intends to administer,

that the case is ready to be closed, and it is the trustee's intent to abandon all records and

unadministered property[2] of the estate.

---

[1]A copy of the Trustee's Final Report is attached to these Findings and Conclusions. The
Court observes that the Trustee's Final Report appears to be a standard form used by the entire
panel of Chapter 7 Trustees for the District of Utah. The Final Report was approved by the
United States Trustee. To the extent the United States Trustee has input with respect to the
forms utilized by the panel trustees, the United States Trustee is respectfully requested to
consider the Court's findings and conclusion as they may apply to any standardized form.

[2]Because notice of the Trustee's Final Report is sent the debtors, all creditors and parties
in interest, most readers of the report most likely will read the Trustee's Final Report with only a
lay knowledge of the bankruptcy law. It is the Court's opinion that most lay persons do not own
a copy of the United States Bankruptcy Code and have no idea that 11 U.S.C. § 554(c) provides
that no abandonment will take place until the case is closed.

15.  The Trustee's Final Report includes "Form 1" which contains the following information found on row #2:

|   |   |   |   |   |
|---|---|---|---|---|
| a. | Column #1 | - | Asset Description | Home |
| b. | Column #2 | - | Petition/Unscheduled Values | 292,000.00 |
| c. | Column #3 | - | Estimated Net Value | 0.00 |
| d. | Column #4 | - | Property Abandoned  - DA=§554(c) abandon | DA |
| e. | Column #5 | - | Sale/Funds Received by Estate | 0.00 |
| f. | Column #6 | - | Asset Fully Administered (FA) | FA |

16.  The Trustee's Notice of Final Report was filed October 12, 2006 and mailed to all creditors on the mailing matrix on October 14, 2006.

17.  The Notice of Final Report invites parties to review the Trustee's Final Report and advises parties who may wish to object, that such objections along with a notice of hearing must be filed  by November 3, 2006.

18.  No objections to the Trustee's Final Report were filed.

19.  The case has never been closed.

20.  On November 6, 2006, the Court signed the Trustee's Order Approving Application for Compensation and Reimbursement of Expense and Trustee's Procedures (the "November 6 Order").

21.  The Caption of the November 6 Order specifically refers to approval of the "Trustee's Procedures".

22.  The body of the November 6 Order specifically refers to the Trustee's Final Report.  It finds that notice of the Final Report has been given to all creditors and parties in interest, and that

the Trustee has complied with all noticing and hearing requirements necessary to proceed

with his final disbursement. The November 6 Order also authorizes the Trustee to

abandon/destroy records of the estate.

23. Given that paragraph #1 of the Trustee's Final Report states that the Trustee has reduced all

assets of the estate to cash or otherwise lawfully disposed of them, and given that the

November 6 Order authorizes the Trustee to abandon or destroy records of the estate, it

follows that a reasonable person would most likely believe that the Trustee had administered

or abandoned all assets of the estate on or around November 6, 2006.

24. Despite giving an untrained reader the impression that all assets of the estate have been

administered or abandoned, Trustee's Final Report does not abandon anything. Abandonment

of the estate's assets will occur when the case is closed pursuant to Code § 554(c).

25. The form of the Trustee's Final Report is needlessly ambiguous and possibly misleading to

any person other than an expert in bankruptcy law[3] *(see attached copy of Trustee's Final*

*Report)*.

26. It is inaccurate to state in a Final Report that all assets of an estate have been reduced to cash

if, in fact, the Trustee intends to reduce additional assets of the estate to cash.

---

[3]The Court is aware that the Wintercorns were represented by counsel through much of
this bankruptcy proceeding. The form of the Trustee's Final Report has been used in this district
for some time, and the Court assumes that bankruptcy counsel was capable of interpreting the
meaning of the Trustee's Final Report and its interplay with § 554(c). Having said that, the Court
believes that until a controversy such as this comes along, little or no effort is likely to be
expended analyzing the meaning or accuracy of a Trustee's Final Report. After delving into such
an analysis, the Court is of the opinion that revision of the form used for Trustee's Final Reports
may improve the accuracy and clarity of Trustee's Final Reports with a resulting benefit to all
involved with the bankruptcy process.

27.  If it is the intent of the Trustee to abandon unadministered assets of the estate at the time the case is closed, the Trustee should state his intentions clearly in a way that is understandable to a lay reader.  Reference to 11 U.S.C. § 554(c) provides a lay reader little or no usable information.

28.  It is needlessly ambiguous for a Final Report to state that unadministered assets "shall be deemed abandoned" without stating in plain terms that unadministered assets will not be abandoned until case closure.

29.  It is ambiguous and inaccurate for a trustee to give notice of his intent to abandon/destroy records of the estate if it is the Trustee's intent to administer, by way of liquidation, a major asset of the estate.

30.  It is ambiguous and inaccurate for the Trustee to label column #4 in Form 1 of the Final Report as "Property Abandoned" when, in fact, no property has been abandoned or will be abandoned until case closure.

31.  On May 25, 2007, the Trustee filed an *ex parte* Application to Employ Paula B. Draper (the "Application") as real estate broker for the Trustee.

32.  The Application stated that the reason to employ the real estate broker was to conduct the sale of the Debtors' Home.

33.  As is the custom and procedure of the Court to regularly grant such applications without a hearing, on May 31, 2007 the Order Granting the Application (the "May 31 Order") was entered.

34.  On June 7, 2007, the Wintercorns filed a motion to vacate the May 31 Order, arguing that an objection to the Application had been filed and noticed for hearing on June 27, 2007.

35.    At the hearing of June 27, 2007, the Wintercorns argued that in light of the Trustee's Final

Report and the November 6 Order, the Debtors' Home had been abandoned and was no

longer property of the estate.  The Trustee responded arguing that since the case had never

been technically closed, the property of the bankruptcy estate had never been abandoned.  The

Trustee supported his argument by referring to the specific wording contained in the Trustee's

Final Report.

36.    At the hearing of June 27, 2007, the Court vacated the May 31 Order without prejudice to

refiling, and directed the Trustee to advise the Court with respect to abandonment issues

discussed in the case of In Re Woods, 173 F.3d 770 (10th Cir. 1999) in any renewed motion

to appoint realtor.

## CONCLUSIONS OF LAW

1.    The Trustee's Final Report did not have the legal effect of abandoning any remaining

unadministered property of the estate including the Debtors' Home.

2.    The Trustee's Notice of Filing of Trustee's Final Report did not have the legal effect of

abandoning property of the estate.

3.    The November 6 Order did not authorize abandonment of any property of the estate other

than to authorize the abandonment or destruction of records of the estate at a future date.

4.    The November 6 Order authorized the Trustee to abandon or destroy records of the estate

if the Trustee, in his discretion, chose to do so.

5.    The November 6 Order did not authorize the abandonment of the Debtors' Home under 11

U.S.C. § 554(b) or (c).

05-25135                                      7

6.   The Debtors' Home has not been abandoned and it remains property of the estate.

7.   Because there is at least one asset of this estate to liquidate, and a purpose to be served by the appointment of a professional, the Application to Appoint should be approved.

8.   The portion of the November 6 Order which finds the Trustee has complied with all noticing and hearing requirements necessary to proceed with his final disbursement should be vacated.

9.   The portion of the November 6 Order which purports to approve the Trustee's procedures should be vacated.

15

FILED IN THE
UNITED STATES
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

2001 OCT -3 P 3:30

In re:
WINTERCORN, MARK A.                                    CASE NO. 05-25135
WINTERCORN, LARYL RAE                                  CHAPTER 7

                                                       DISTRICT OF UTAH
                                                       DEPUTY CLERK

                            Debtor(s)

## TRUSTEE'S FINAL REPORT AND APPLICATION FOR COMPENSATION
## AND MOTION FOR ORDER APPROVING PAYMENT OF
## ADMINISTRATIVE COSTS AND EXPENSES

The Trustee of the estate presents the following final report:

1.  The Trustee has reduced all assets of this estate to cash or otherwise lawfully disposed of them and the estate is ready to be closed.

2.  The Trustee applies for commissions and expenses set forth in Exhibit A (see attached) and states: "That they are reasonable and proper; that in the course of the performance of duties, the Trustee has advanced monies from personal funds for expenses; that the Trustee has not been reimbursed or indemnified; and that there is no agreement or understanding between the Trustee and any other person for a division of the compensation sought by this application, except as permitted by the Bankruptcy Code."

3.  The Trustee has reviewed all claims filed in this case and submits Exhibits C and D (attached) as a list of claims and dividends to be paid upon court approval.

4.  The Trustee submits Form 1 and 2 as Exhibit E (attached) as a summary of the assets and the disposition of each of these assets. Any property scheduled under 11 U.S.C. §521(1) and not administered shall be deemed abandoned pursuant to 11 U.S.C. §554(c).

5.  The Trustee has given notice (copy attached) to the attorney for the debtor of the funds on hand and the advisability of said attorney filing his application for compensation pursuant to Local Rule.

6.  The Trustee certifies to the Court and the United States Trustee that the Trustee has faithfully and properly fulfilled the duties of the office of the trustee, and that the Trustee has examined all proofs of claim as appropriate under the proposed distribution, and that the proposed distribution, attached hereto, is proper, and consistent with the law and rules of court.

7.  The Trustee has given notice to all parties in interest as shown on the mailing matrix of his intent to abandon/destroy records of the estate.

**WHEREFORE**, the Trustee respectfully moves this Court for an order approving Applications for Compensation and Reimbursement of Expenses pursuant to 11 U.S.C. §330(a) and §503(b), pursuant to Rule 3009, Federal Rules of Bankruptcy, authorizing the Trustee to abandon/destroy records of the estate, and determining that the Trustee has complied with all notice and hearing requirements of Section 363 of the Bankruptcy Code to proceed with his final disbursement.

Dated: _____9/13/06_____

                                                       _____
                                                       STEPHEN W. RUPP

## PROPOSED DISTRIBUTION LIST

In re:

Bankruptcy Case No.:

WINTERCORN, MARK A.
WINTERCORN, LARYL RAE
05-25135

## APPLICATIONS FOR COMPENSATION AND EXPENSES - CHAPTER 7:

|  | PROFESSIONAL'S NAME | TOTAL | PREVIOUSLY PAID | AMOUNT TO DISTRIBUTE |
|---|---|---|---|---|
| Trustee Expenses | STEPHEN W. RUPP | 44.45 | 3.05 | 41.40 |
| Trustee Fees | STEPHEN W. RUPP | 919.90 | 0.00 | 919.90 |

**TOTAL CHAPTER 7 ADMINISTRATIVE EXPENSES TO BE DISTRIBUTED:**                **$961.30**

## SUMMARY OF PROPOSED DISTRIBUTION IN ORDER OF PRIORITY:

| | | |
|---|---|---|
| Chapter 7 Administrative Claims (Allowed 964.35): | | $961.30 |
| Previous Chapter Administrative Claims (None) | | N/A |
| Priority Claims (All PRIORITY CLAIMS (2,173.82): | | $2,173.82 |
| Priority Tax (Allowed $2,173.82) Paid 100.00% | | |
|     Internal Revenue Service | 2,173.82 | |
| Unsecured Claims (Allowed 85,537.12)  Paid 0.63%: | | $541.41 |
|     MBNA America Bank NA | 54.68 | |
|     Sallie Mae Trust | 189.62 | |
|     Chase Bank | 78.16 | |
|     RECOVERY MGMT SYSTEMS CORP | 1.31 | |
|     R.C. Willey Home Furnishings | 4.94 | |
|     Chase Bank | 100.38 | |
|     Discover Financial Services | 57.87 | |
|     Alta View Hospital v/o Creek Plaza | 0.98 | |
|     Bank Of America | 53.47 | |

I have reviewed the Trustee's Final Report and Proposed Distribution.

Charles F. McVay
United States Trustee

BY: _____
Attorney for the United States Trustee

## EXHIBIT A
### APPLICATION FOR COMPENSATION & REIMBURSEMENT OF EXPENSES

In re:   WINTERCORN, MARK A.                     Case no.:  05-25135
         WINTERCORN, LARYL RAE

Computation of Compensation for Cases Filed after October 22, 1994

| | | | |
|---|---|---|---|
| Total Proceeds of Estate | $_____3,679.58 | | |
| Less amounts returned to Debtor(s) | (_____0.00) | | |
| Balance to be Disbursed | _____3,679.58 | 25% of first $5,000 ($1,250 maximum) | $_____919.90 |
| Less | (____5,000.00) | | |
| Balance | _____0.00 | 10% of next $45,000 ($4,500 maximum) | _____0.00 |
| Less | (___45,000.00) | | |
| Balance | _____0.00 | 5% of next $950,000 ($47,500 maximum) | _____0.00 |
| Less | (__950,000.00) | | |
| Balance | $_____0.00 | 3% of balance | _____0.00 |

|  |  |
|---|---|
| MAXIMUM COMPENSATION (11 U.S.C. §326) | $_____919.90 |
| COMPENSATION REQUESTED | $_____919.90 |
| Less: Court-Approved Compensation Previously Paid | (_____0.00) |
| BALANCE DUE | $_____919.90 |

Trustee Expenses
  Premium on Trustee's Bond
  (Allocation of coverage on blanket bond)                        $_____3.05

Photocopies (80.00 copies at 20.00 ¢/copy)                       $_____16.00

Postage                                                          $_____3.90

Other Expenses
Runner Service/LMI                                               $_____21.50

|  |  |
|---|---|
| TOTAL EXPENSES | $_____44.45 |
| Less: Court-Approved Expenses Previously Paid | (_____3.05) |
| BALANCE DUE | $_____41.40 |

Printed: 08/17/06 10:50 AM          **Trustee's Compensation**

**Debtor:** WINTERCORN, MARK A.                    **Case:** 05-25135

| Computation of Compensation | | | |
|---|---|---|---|
| Total disbursements to other than the debtor are: | | | 3,679.58 |
| Pursuant to 11 U.S.C. 326, compensation is computed as follows: | | | |
| 25% of First $5,000 | 3,679.58 | = | 919.90 |
| 10% of Next $45,000 | 0.00 | = | 0.00 |
| 5% of Next $950,000 | 0.00 | = | 0.00 |
| 3% of Balance | 0.00 | = | 0.00 |

| | |
|---|---|
| Calculated Total Compensation: | $919.90 |
| Plus Adjustment: | 0.00 |
| Total Compensation: | $919.90 |
| Less Previously Paid: | 0.00 |
| Total Compensation Requested: | $919.90 |

| Trustee Expenses | | |
|---|---|---|
| Premium on Trustee's Bond | | 3.05 |
| Travel | 0.0 miles at 0.0 cents per mile | 0.00 |
| Copies | 80 copies at 20.0 cents per copy | 16.00 |
| Postage | | 3.90 |
| Telephone Charges | | 0.00 |
| Clerical / Secretarial | 0.00 hours at 0.00 dollars per hour | 0.00 |
| Paralegal Assistance | 0.00 hours at 0.00 dollars per hour | 0.00 |
| Supplies / Stationery | | 0.00 |
| Distribution Expenses | | 0.00 |
| Professional Expenses | | 0.00 |
| Other Expenses | | 21.50 |
| Other Expenses 2 | | 0.00 |

| | |
|---|---|
| Subtotal Expenses: | $44.45 |
| Plus Adjustment: | 0.00 |
| Total Expenses: | $44.45 |
| Less Previously Paid: | 3.05 |
| Total Expenses Requested: | $41.40 |

The undersigned Trustee certifies under penalty of perjury that the foregoing is true and correct to the best of his/her knowledge and requests the United States Trustee to approve this report and accounts and requests the Court to provide for notice and opportunity for a hearing under 11 U.S.C. 330(a), 502(b), and 503(b) and to thereafter award final compensation or reimbursement of expenses and to make final allowance for the purposes of distribution to claims, administrative expenses, and other payments stated in this report and account.

WHEREFORE, the Trustee requests that this application be approved by this Court and that the Trustee be granted an allowance of $919.90 as compensation and $41.40 for reimbursement of expenses. The Trustee further states that no payments have been made or promised to him/her for services rendered or to be rendered in any capacity in this case. No agreement or understanding exists between applicant and any other person for sharing compensation received or to be received.

Dated:  08/17/06                    Signed: _____

                                STEPHEN W. RUPP
                                170 S. Main Street, Suite 800

                                SALT LAKE CITY, UT 84101

# Expense Worksheet

### Period:  01/01/00 - 08/17/06

### Trustee: STEPHEN W. RUPP (640030)

| | | | |
|---|---|---|---|
| **Case Number:** | 05-25135 | **Case Name:** | WINTERCORN, MARK A. |
| **Case Type:** | Assets | **Judge:** | Glen E. Clark, Chief Judge |
| **Petition Date:** | 04/05/05 | **341a Meeting:** | 05/05/05   11:30 |

| Date | Description | Hours/Unit | Rate | Total |
|---|---|---|---|---|
| 08/11/05 | Runner Service/LMI to USBC. | 1.00 | $5.000 | $5.00 |
| 04/14/06 | Bond Premium. | 1.00 | $3.050 | $3.05 |
| 08/17/06 | Copies of Trustee's final report. | 80.00 | $0.200 | $16.00 |
| 08/17/06 | Service of Court approved disbursement checks. | 10.00 | $0.390 | $3.90 |
| 08/17/06 | Anticiapted Runner Service/LMI to USTO to deliver Trustee's supplemental report. | 1.00 | $8.250 | $8.25 |
| 08/17/06 | Runner Service/LMI to USTO to deliver Trustee's final report. | 1.00 | $8.250 | $8.25 |

**Total for case  05-25135:**     **$44.45**

**Grand Total:**     **$44.45**

## EXHIBIT B
### EXPENSES OF ADMINISTRATION (Chapter 7)

In re:  WINTERCORN, MARK A.                     Case no.:  05-25135
        WINTERCORN, LARYL RAE

| AUTHORITY: 11 U.S.C. | AMOUNT CLAIMED | AMOUNT ALLOWED | PREVIOUSLY DISTRIBUTED* | BALANCE |
|---|---|---|---|---|
| 1. §1930 Costs & Fees | | | | |
| §507(a)(1), §1930(b) | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| §507(a)(1), §1930(a)(6) | 0.00 | 0.00 | 0.00 | 0.00 |
| 2. For Superseded Estate | | | | |
| §364(c)(1), §507(b) | 0.00 | 0.00 | 0.00 | 0.00 |
| 3. Preservation of Estate | | | | |
| §503(b)(1) | | | | |
| a. Storage | | | | |
| b. Security | | | | 0.00 |
| c. Insurance | | | | 0.00 |
| d. Separate Case Bond | | | | 0.00 |
| e. Other | 0.00 | 0.00 | 0.00 | 0.00 |
| 4. Post-Petition Taxes & | | | | |
| Related Penalties | | | | |
| §503(b)(1)(B) & (C) | | | | 0.00 |
| 5. Compensation and Reimbursement | | | | |
| §503(b)(2), (3) & (4) | | | | |
| a. Trustee Compensation | 919.90 | 919.90 | 0.00 | 919.90 |
| b. Trustee Expenses | 44.45 | 44.45 | 3.05 | 41.40 |
| c. Trustee's Atty Comp. | 0.00 | 0.00 | 0.00 | 0.00 |
| d. Trustee's Atty Exps. | 0.00 | 0.00 | 0.00 | 0.00 |
| e. Debtor's Atty Comp. | 0.00 | 0.00 | 0.00 | 0.00 |
| f. Debtor's Atty Exps. | 0.00 | 0.00 | 0.00 | 0.00 |
| g. Trustee's Accountant | 0.00 | 0.00 | 0.00 | 0.00 |
| h. Debtor's Accountant | 0.00 | 0.00 | 0.00 | 0.00 |
| i. Special Counsel | 0.00 | 0.00 | 0.00 | 0.00 |
| j. Appraiser | 0.00 | 0.00 | 0.00 | 0.00 |
| k. Real Estate Agent | 0.00 | 0.00 | 0.00 | 0.00 |
| l. Broker | 0.00 | 0.00 | 0.00 | 0.00 |
| m. Auctioneer | 0.00 | 0.00 | 0.00 | 0.00 |
| n. Outside Attorney | 0.00 | 0.00 | 0.00 | 0.00 |
| o. Outside Professional | 0.00 | 0.00 | 0.00 | 0.00 |
| p. Harvester | 0.00 | 0.00 | 0.00 | 0.00 |
| q. Other Professional | 0.00 | 0.00 | 0.00 | 0.00 |
| r. Special Consultant | 0.00 | 0.00 | 0.00 | 0.00 |
| 6. Other Admin Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTAL | $ 964.35 | $ 964.35 | $ 3.05 | $ 961.30 |

* ORDERS AUTHORIZING DISTRIBUTION ARE ATTACHED

## EXHIBIT C
### PRIORITY CLAIMS OTHER THAN ADMINISTRATIVE EXPENSES
### IN ORDER OF PRIORITY

In re:   WINTERCORN, MARK A.                    Case no.:  05-25135
         WINTERCORN, LARYL RAE

| AUTHORITY: 11 U.S.C. | AMOUNT CLAIMED | AMOUNT ALLOWED | PREVIOUSLY DISTRIBUTED* | BALANCE |
|---|---|---|---|---|
| 1. "Gap Claims" §507(a)(2) | $ | $ | $ | $ |
| 2. Wages §507(a)(3) | | | | |
| 3. Contributions to Benefit Plans §507(a)(4) | | | | |
| 4. Claims of Farmers and Fishermen §507(a)(5) | | | | |
| 5. Consumer Deposits §507(a)(6) | | | | |
| 6. Alimony/Child Supp. §507(a)(7) | | | | |
| 7. Taxes §507(a)(8) | | | | |
| Internal Revenue Service | 2,173.82 | 2,173.82 | 0.00 | 2,173.82 |
| 8. Capital Contribution to FDIC Insured Depositories §507(a)(9) | | | | |
| TOTAL | $    2,173.82 | $    2,173.82 | $    0.00 | $    2,173.82 |

* ORDER(S) AUTHORIZING ANY INTERIM DISTRIBUTIONS ARE ATTACHED

**EXHIBIT D**
**PROPOSED DISTRIBUTION**
**ATTACHMENT: CLAIMS REGISTER**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

In re:
WINTERCORN, MARK A.
WINTERCORN, LARYL RAE

CASE NO. 05-25135 GEC
CHAPTER 7

Debtor(s)

| | | | | | |
|---|---|---|---|---|---|
| TOTAL RECEIPTS | $ 3,679.58 | | | | |
| Less Exemptions | ( 0.00) | | | | |
| Less Non-estate Funds Paid to 3rd Parties | ( 0.00) | | | | |
| Plus: Additional receipts expected up to distribution date (listed below) | 0.00 | | | | |
| **TOTAL ESTATE FUNDS COLLECTED** | | | | | $ 3,679.58 |

| PROPOSED DISTRIBUTION | Allowed | Previously Paid | Proposed Payment | Total % Distrib. | |
|---|---|---|---|---|---|
| **Secured Claims (§364(d), 506(a))*** | 0.00 | 0.00 | 0.00 | 0.00% | $ 0.00 |
| **§ 507 (a)(1) Unpaid Administrative Expenses and Fees - Chapter 7** | | | | | |
| Court Costs & Fees | 0.00 | 0.00 | 0.00 | | |
| Trustee Accountants Comp. & Expenses | 0.00 | 0.00 | 0.00 | | |
| Trustee Compensation & Expenses | 964.35 | 3.05 | 961.30 | | |
| Other Administrative Expenses | 0.00 | 0.00 | 0.00 | | |
| U. S. Trustee Fees | 0.00 | 0.00 | 0.00 | | |
| TOTAL CH. 7 ADMINISTRATIVE EXPENSES | 964.35 | 3.05 | 961.30 | 100.00% | $ 964.35 |
| **§507 (a)(1) Administrative Expenses - Previous Chapter** | 0.00 | 0.00 | 0.00 | 0.00% | $ 0.00 |
| **Priority Claims** | | | | | |
| §507(a)(2) -- "Gap" Claims | 0.00 | 0.00 | 0.00 | 0.00% | |
| §507(a)(3) -- Wages (Summary attached) | 0.00 | 0.00 | 0.00 | 0.00% | |
| §507(a)(4) -- Employee Benefit Plans | 0.00 | 0.00 | 0.00 | 0.00% | |
| §507(a)(5) -- Farmers/Fishermen | 0.00 | 0.00 | 0.00 | 0.00% | |
| §507(a)(6) -- Consumer Deposits | 0.00 | 0.00 | 0.00 | 0.00% | |
| §507(a)(7) -- Alimony/Child Support | 2,173.82 | 0.00 | 2,173.82 | 100.00% | |
| §507(a)(8) -- Taxes | 0.00 | 0.00 | 0.00 | 0.00% | |
| §507(a)(9) -- FDIC | 0.00 | 0.00 | 0.00 | 0.00% | |
| TOTAL PRIORITY CLAIMS | 2,173.82 | 0.00 | 2,173.82 | 100.00% | $ 2,173.82 |
| **Unsecured Claims** | | | | | |
| §726 (a)(2) Timely Filed Unsecured Claims | 85,537.12 | 0.00 | 541.41 | 0.63% | |
| §726 (a)(3) Tardily Filed Unsecured Claims | 0.00 | 0.00 | 0.00 | 0.00% | |
| Rule 3002(c)(6) Surplus Notice Claims | 0.00 | 0.00 | 0.00 | 0.00% | |
| §726(a)(4) Fines, Penalties & Damages | 0.00 | 0.00 | 0.00 | 0.00% | |
| Subordinated Claims | | | | | |
| §726 (a)(5) Interest as Legal Rate: | | | | | |
| Total Interest Paid | 0.00 | 0.00 | 0.00 | | |
| TOTAL UNSECURED CLAIMS | 85,537.12 | 0.00 | 541.41 | 0.63% | $ 541.41 |

| | | |
|---|---|---|
| **TOTAL SECURED, PRIORITY AND UNSECURED CLAIMS PAID** | | $ 2,715.23 |
| **TOTAL PAID OUT FOR ADMINISTRATIVE EXPENSES AND CREDITORS** | | $ 3,679.58 |
| **SURPLUS RETURNED TO DEBTOR OR EQUITY HOLDERS** | | $ 0.00 |

*Attach §724(b) analysis, if applicable

May 1995

## Claims Proposed Distribution

### Case:  05-25135   WINTERCORN, MARK A.

Report Includes ONLY Claims with a Proposed Distribution

| Case Balance: | $3,676.53 | Total Proposed Payment: | $3,676.53 | | Remaining Balance: | $0.00 |

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| | STEPHEN W. RUPP <br> <2200-00  Trustee Expenses> | Admin Ch. 7 | 44.45 | 44.45 | 3.05 | 41.40 | 41.40 | 3,635.13 |
| | STEPHEN W. RUPP <br> <2100-00  Trustee Compensation> | Admin Ch. 7 | 919.90 | 919.90 | 0.00 | 919.90 | 919.90 | 2,715.23 |
| 1 | Internal Revenue Service <br> **Claim Memo:**    Priority | Priority | 2,173.82 | 2,173.82 | 0.00 | 2,173.82 | 2,173.82 | 541.41 |
| 2 | MBNA America Bank NA <br> **Claim Memo:**    Unsecured | Unsecured | 8,638.48 | 8,638.48 | 0.00 | 8,638.48 | 54.68 | 486.73 |
| 3 | Sallie Mae Trust <br> **Claim Memo:**    Unsecured | Unsecured | 29,958.62 | 29,958.62 | 0.00 | 29,958.62 | 189.62 | 297.11 |
| 4 | Chase Bank <br> **Claim Memo:**    Unsecured | Unsecured | 12,349.28 | 12,349.28 | 0.00 | 12,349.28 | 78.16 | 218.95 |
| 5 | RECOVERY MGMT SYSTEMS CORP <br> **Claim Memo:**    Unsecured | Unsecured | 206.81 | 206.81 | 0.00 | 206.81 | 1.31 | 217.64 |
| 7 | R.C. Willey Home Furnishings <br> **Claim Memo:**    Unsecured | Unsecured | 779.96 | 779.96 | 0.00 | 779.96 | 4.94 | 212.70 |
| 8 | Chase Bank <br> **Claim Memo:**    Unsecured | Unsecured | 15,859.56 | 15,859.56 | 0.00 | 15,859.56 | 100.38 | 112.32 |
| 9 | Discover Financial Services <br> **Claim Memo:**    Unsecured | Unsecured | 9,142.67 | 9,142.67 | 0.00 | 9,142.67 | 57.87 | 54.45 |
| 10 | Alta View Hospital v/o Creek Plaza <br> **Claim Memo:**    Unsecured | Unsecured | 154.13 | 154.13 | 0.00 | 154.13 | 0.98 | 53.47 |
| 11 | Bank Of America <br> **Claim Memo:**    Unsecured | Unsecured | 8,447.61 | 8,447.61 | 0.00 | 8,447.61 | 53.47 | 0.00 |
| | **Total for Case 05-25135 :** | | **$88,675.29** | **$88,675.29** | **$3.05** | **$88,672.24** | **$3,676.53** | |

### CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| Total Administrative Claims : | $964.35 | $964.35 | $3.05 | $961.30 | 100.000000% |
| Total Priority Claims : | $2,173.82 | $2,173.82 | $0.00 | $2,173.82 | 100.000000% |
| Total Unsecured Claims : | $85,537.12 | $85,537.12 | $0.00 | $541.41 | 0.632953% |

Page: 1

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 05-25135 GEC
**Case Name:** WINTERCORN, MARK A.
WINTERCORN, LARYL RAE
**Period Ending:** 08/17/06

**Trustee:** (640030)    STEPHEN W. RUPP
**Filed (f) or Converted (c):** 04/05/05 (f)
**$341(a) Meeting Date:** 05/05/05
**Claims Bar Date:** 01/05/06

| Ref. # | 1 Asset Description (Scheduled And Unscheduled (u) Property) | 2 Petition/ Unscheduled Values | 3 Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | 4 Property Abandoned OA=§554(a) abandon. DA=§554(c) abandon. | 5 Sale/Funds Received by the Estate | 6 Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | SETTLEMENT RE TAX REFUNDS (u) | 3,665.40 | 3,665.40 | | 3,665.60 | FA |
| 2 | HOME | 292,000.00 | 0.00 | DA | 0.00 | FA |
| 3 | PROPERTY | 135,500.00 | 0.00 | DA | 0.00 | FA |
| 4 | TIME SHARE | 1,500.00 | 0.00 | DA | 0.00 | FA |
| 5 | BANK ACCT | 100.00 | 0.00 | DA | 0.00 | FA |
| 6 | HHG&F | 6,570.00 | 0.00 | DA | 0.00 | FA |
| 7 | BOOKS | 350.00 | 0.00 | DA | 0.00 | FA |
| 8 | CLOTHING | 1,000.00 | 0.00 | DA | 0.00 | FA |
| 9 | JEWELRY | 2,650.00 | 0.00 | DA | 0.00 | FA |
| 10 | SPORTS EQUIPMENT | 425.00 | 0.00 | DA | 0.00 | FA |
| 11 | INSURANCE POLICY | 1,366.48 | 0.00 | DA | 0.00 | FA |
| 12 | IRA | 200.00 | 0.00 | DA | 0.00 | FA |
| 13 | ACCOUNTS RECEIVABLE Not Collectible | 500.00 | 0.00 | DA | 0.00 | FA |
| 14 | 2000 DODGE DURANGO | 15,000.00 | 0.00 | DA | 0.00 | FA |
| 15 | OFFICE EQUIPMENT | 1,650.00 | 0.00 | DA | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 13.98 | Unknown |
| 16 | Assets    Totals (Excluding unknown values) | $462,478.88 | $3,665.40 | | $3,679.58 | $0.00 |

# Form 1

## Individual Estate Property Record and Report
### Asset Cases

| **Case Number:** | 05-25135 GEC | | **Trustee:** (640030) | STEPHEN W. RUPP |
|---|---|---|---|---|
| **Case Name:** | WINTERCORN, MARK A. | | **Filed (f) or Converted (c):** 04/05/05 (f) | |
| | WINTERCORN, LARYL RAE | | **§341(a) Meeting Date:** | 05/05/05 |
| **Period Ending:** | 08/17/06 | | **Claims Bar Date:** | 01/05/06 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) abandon. DA=§554(c) abandon. | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| **Ref. #** | | | | | |

**Major Activities Affecting Case Closing:**
  NONE

**Initial Projected Date Of Final Report (TFR):**   December 31, 2007      **Current Projected Date Of Final Report (TFR):**   September 15, 2006

V.8.12

Page: 1

## Form 2

## Cash Receipts And Disbursements Record

| Case Number: | 05-25135 GEC |
|---|---|
| Case Name: | WINTERCORN, MARK A. |
| | WINTERCORN, LARYL RAE |
| Taxpayer ID #: | 13-7479519 |
| Period Ending: | 08/17/06 |

| Trustee: | STEPHEN W. RUPP (640030) |
|---|---|
| Bank Name: | JPMORGAN CHASE BANK, N.A. |
| Account: | ***-****47-65 - Money Market Account |
| Blanket Bond: | $74,650,000.00  (per case limit) |
| Separate Bond: | N/A |

| 1 Trans. Date | 2 (Ref #) / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 10/05/05 | {1} | MARK A. WINTERCORN | SETTLEMENT PROCEEDS RE TAX REFUNDS. | 1224-000 | 710.10 | | 710.10 |
| 10/24/05 | {1} | MARK A. WINTERCORN. | SETTLEMENT RE TAX REFUNDS. | 1224-000 | 100.00 | | 810.10 |
| 10/31/05 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.5500% | 1270-000 | 0.26 | | 810.36 |
| 11/18/05 | {1} | MARK A. WINTERCORN | SETTLEMENT RE TAX REFUNDS. | 1224-000 | 100.00 | | 910.36 |
| 11/30/05 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.5500% | 1270-000 | 0.38 | | 910.74 |
| 12/22/05 | {1} | MARK A. WINTERCORN | SETTLEMENT RE TAX REFUNDS. | 1224-000 | 100.00 | | 1,010.74 |
| 12/30/05 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 0.46 | | 1,011.20 |
| 01/19/06 | {1} | MARK A. WINTERCORN | SETTLEMENT PROCEEDS RE TAX REFUNDS. | 1224-000 | 100.00 | | 1,111.20 |
| 01/31/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.7000% | 1270-000 | 0.59 | | 1,111.79 |
| 02/22/06 | {1} | MARK A. WINTERCORN | SETTLEMENT PROCEEDS RE TAX REFUNDS. | 1224-000 | 100.00 | | 1,211.79 |
| 02/28/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.7000% | 1270-000 | 0.61 | | 1,212.40 |
| 03/24/06 | {1} | MARK A. WINTERCORN | SETTLEMENT PROCEEDS RE TAX REFUNDS. | 1224-000 | 2,455.50 | | 3,667.90 |
| 03/31/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.7000% | 1270-000 | 0.91 | | 3,668.81 |
| 04/14/06 | 1001 | INTERNATIONAL SURETIES, LTD. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 04/14/2006 FOR CASE #05-25135, Bond #016027974 | 2200-000 | | 3.05 | 3,665.76 |
| 04/28/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 2.32 | | 3,668.08 |
| 05/31/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 2.49 | | 3,670.57 |
| 06/30/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 2.41 | | 3,672.98 |
| 07/31/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 2.50 | | 3,675.48 |
| 08/14/06 | Int | JPMORGAN CHASE BANK, N.A. | Current Interest Rate is 0.8000% | 1270-000 | 1.05 | | 3,676.53 |

$3.05

Subtotals :        $3,679.58        $3,679.58

{} Asset reference(s)

# Form 2

## Cash Receipts And Disbursements Record

Case Number: 05-25135 GEC
Case Name: WINTERCORN, MARK A.
WINTERCORN, LARYL RAE
Taxpayer ID #: 13-7479519
Period Ending: 08/17/06

Trustee: STEPHEN W. RUPP (640030)
Bank Name: JPMORGAN CHASE BANK, N.A.
Account: **-*****47-65 - Money Market Account
Blanket Bond: $74,650,000.00 (per case limit)
Separate Bond: N/A

| 1 Trans. Date | 2 (Ref #) / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 08/14/06 | | To Account #*******4766 | Transfer funds for final. | 9999-000 | | 3,676.53 | 0.00 |
| | | | ACCOUNT TOTALS | | 3,679.58 | 3,679.58 | $0.00 |
| | | | Less: Bank Transfers | | 0.00 | 3,676.53 | |
| | | | Subtotal | | 3,679.58 | 3.05 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $3,679.58 | $3.05 | |

{} Asset reference(s)

Page: 3

## Form 2

### Cash Receipts And Disbursements Record

| Case Number: | 05-25135 GEC | Trustee: | STEPHEN W. RUPP (640030) |
| Case Name: | WINTERCORN, MARK A. | Bank Name: | JPMORGAN CHASE BANK, N.A. |
|  | WINTERCORN, LARYL RAE | Account: | ***-*****47-66 - Checking Account |
| Taxpayer ID #: | 13-7479519 | Blanket Bond: | $74,650,000.00  (per case limit) |
| Period Ending: | 08/17/06 | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | | 5 | 6 | 7 |
| Trans. Date | (Ref #) / Check # | Paid To / Received From | Description of Transaction | T-Code | | Receipts $ | Disbursements $ | Checking Account Balance |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 08/14/06 | | From Account #*******4765 | Transfer funds for final. | 9999-000 | | 3,676.53 | | 3,676.53 |
| | | | ACCOUNT TOTALS | | | 3,676.53 | 0.00 | $3,676.53 |
| | | | Less: Bank Transfers | | | 3,676.53 | 0.00 | |
| | | | Subtotal | | | 0.00 | 0.00 | |
| | | | Less: Payments to Debtors | | | | 0.00 | |
| | | | NET Receipts / Disbursements | | | $0.00 | $0.00 | |

| | Net Receipts | Net Disbursements | Account Balances |
| --- | --- | --- | --- |
| **TOTAL - ALL ACCOUNTS** | | | |
| MMA # ***-*****47-65 | 3,679.58 | 3.05 | 0.00 |
| Checking # ***-*****47-66 | 0.00 | 0.00 | 3,676.53 |
| | $3,679.58 | $3.05 | $3,676.53 |

{ } Asset reference(s)

Printed: 08/17/2006 10:59 AM      V.8.12

# CHASE ⬤

312-00312-E000-00312- H        -113-9-03-W X -1 00-

**Customer Service**

05-25135 WINTERCORN MARK A
WINTERCORN LARYL RAE DEBTOR
#640030 STEPHEN RUPP TRUSTEE
BRANCH 312, 4 NYP, 17TH FLOOR
NEW YORK                    NY  10004

Nationwide 800 #: 1-800-634-5273
Nationwide Fax #: 1-800-457-3510
Hearing impaired call 1-800-CHASETD

Primary Account Number:  312-0242447-66

Number of Checks Paid: 0

|ₐₗₗₗₗₗₐₗₗₐₗₗₐₗₗₐₗ|                        |

## OVERVIEW

**Deposit Accounts - JPMorgan Chase Bank, N.A. ("Bank")**

| Checking | Opening Balance | Total Credits | Total Debits | Ending Balance |
|---|---|---|---|---|
| BusinessCustom Checking 312-0242447-66 | 0.00 | 3,676.53 | 0.00 | 3,676.53 |
| Bankruptcy MMA 312-0242447-65 | 3,675.48 | 1.05 | 3,676.53 | 0.00 |
| **Total** | **3,675.48** | **3,677.58** | **3,676.53** | **3,676.53** |

**THIS ENDS YOUR STATEMENT OVERVIEW**

**Bankruptcy Management Services at CHASE ℠**